IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | ) ) | CIVIL NO. 16-00011 DKW-RLP |
| Plaintiffs, | ) ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | ) ) | AGAINST PACIFIC CONCRETE WORKS, LLC |
| PACIFIC CONCRETE WORKS, LLC, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR
ENTRY OF DEFAULT JUDGMENT AGAINST PACIFIC CONCRETE WORKS, LLC[1]

Plaintiffs filed their Motion for Default Judgment Against Defendant Pacific Concrete Works, LLC on April 14, 2016 ("Motion"). ECF No. 11. Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 11-8. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 12. After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS and

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

Plaintiffs filed their Complaint against Defendant on January 1, 2016.  ECF No. 1.  The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees.  Compl. ¶¶ 6-7.  Contributions were to be paid on or before due dates specified in the collective bargaining agreement.  Id. ¶ 7.  Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid.  Id. ¶ 8.  Plaintiffs claim that Defendant breached the collective bargaining agreement by failing to pay contributions, liquidated damages, and interest.  Id. ¶¶ 13-14.  Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, attorneys' fees and costs.  Id. ¶ 17.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on March 3, 2016.  ECF No. 9.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if

the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1)   the possibility of prejudice to the plaintiff;
>
> (2)   the merits of plaintiff's substantive claim;
>
> (3)   the sufficiency of the complaint;
>
> (4)   the sum of money at stake in the action;
>
> (5)   the possibility of a dispute concerning material facts;
>
> (6)   whether the default was due to excusable neglect; and
>
> (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint,

3

except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  See 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over

4

Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, Plaintiffs assert that service was made on Defendant through its agent, Eric Potter, on January 21, 2016.  ECF No. 7.  This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B.  Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

#### 1.  The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

#### 2.  Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs brought this action against

5

Defendant for unpaid contributions. <u>See</u> 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 13. The terms of the collective bargaining agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. ECF No. 1 ¶¶ 6-7; ECF No. 1-1. Defendant employed workers covered by the collective bargaining agreements and those workers performed work for Defendant when the collective bargaining agreements were in effect. ECF No. 1 ¶ 12. Defendant failed to make required contributions. <u>Id.</u> ¶ 13. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177 (citing <u>Eitel</u>, 782 F.2d at 1472). Plaintiffs seek $22,398.34 for delinquent contributions, liquidated damages, and interest, plus $2,125.04 in attorneys'

fees and costs.  ECF No. 11-1 at 17-18.  Plaintiffs' damages
request is tailored to Defendant's specific wrongful conduct in
failing to abide by the terms of the collective bargaining
agreements.  The Court finds that this factor weighs in favor
default judgment.

### 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of
the complaint, except those relating to the amount of damages,
will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.
Defendant has been given a fair amount of time to answer the
Complaint and deny that it failed to pay the contributions;
Defendant has not done so.  Because no dispute has been raised
regarding Plaintiffs' material factual allegations, the Court
finds that this factor favors default judgment.

### 6.   Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the
result of excusable neglect.  Plaintiffs served Defendant on
January 21, 2016.  ECF No. 7.  Defendant did not file a response
to Plaintiffs' Complaint.  In addition, Plaintiffs served
Defendant with notice of this Motion on April 14, 2016.  ECF No.
11-8.  Despite ample notice of this lawsuit and Plaintiffs'
intention to seek a default judgment, Defendant has not appeared
in this matter to date.  The record suggests that Defendant's
default was not the result of any excusable neglect, but rather

due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.   Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8.   Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C.   Damages

Plaintiffs request the following:  (1) $18,041.11 in delinquent contributions; (2) $4,027.95 in liquidated damages; (3) $324.04 in interest and $5.21 lost earnings interest; and (4) $1,339.70 for attorney's fees and costs already incurred and

$785.34 for additional anticipated attorney's fees and costs. ECF No. 11-1 at 4-5, 10. Each category of requested relief is addressed below.

### 1.   Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $18,041.11. In support of this contention, Plaintiffs submitted the declaration of Paul Marx, the Chief Executive Officer of the administrator for Plaintiffs ("Marx Decl."). ECF No. 11-6. Additionally, Mr. Marx attached to his Declaration a summary ledger reflecting the balances due. See ECF No. 11-7. According to Mr. Marx, the reports submitted by Defendant reflect $18,041.11 in outstanding contributions for the relevant time period of July 2015 through September 2015. Marx Decl. ¶¶ 3-4. The Court finds Plaintiffs have established damages in the amount of $18,041.11 for delinquent contributions.

### 2.   Liquidated Damages

Plaintiffs seek liquidated damages in the amount of $4,027.95. This amount is itemized in Mr. Marx's declaration. See Marx Decl. ¶ 4. However, 29 U.S.C. § 1132(g)(2) provides that Plaintiffs are entitled to recover liquidated damages "in an amount not in excess of 20 percent" of delinquent trust fund contributions. See 29 U.S.C. § 1132(g)(2). Additionally, the terms of the collective bargaining agreement provide that Plaintiffs can recover "liquidated damages in the amount of

twenty (20) percent of such delinquent and unpaid contributions."
ECF No. 1-1 at 18.  The amount requested by Plaintiff exceeds
twenty percent of the delinquent contributions.  Accordingly,
based on the documentation provided by Plaintiffs, the terms of
the collective bargaining agreement, and the applicable statutory
provision, the Court finds that Plaintiffs are entitled to
liquidated damages in the amount of $3,608.22, which is twenty
percent of the $18,041.11 amount of delinquent contributions.

### 3.  Interest

Plaintiffs seek $324.07 in interest and $5.21 in 401(k)
lost earnings interest for the same period.  This amount is
itemized in Mr. Marx's declaration and is reflected on the
summary ledger provided by Mr. Marx.  See Marx Decl. ¶ 4; ECF No.
11-7.  The collective bargaining agreement and 29 U.S.C.
§ 1132(g)(2) provide that Plaintiffs are entitled to recover
interest on the unpaid contributions.  See ECF No. 1-1 at 17-18;
29 U.S.C. § 1132(g)(2).  Based on the documentation provided by
Plaintiffs, the terms of the collective bargaining agreement, and
the applicable statutory provision, the Court finds that
Plaintiffs have established damages in the amount of $324.07 for
interest and $5.21 for 401(k) lost earnings interest.

### 4.  Attorney's Fees and Costs

An award of reasonable attorney's fees and costs is
mandatory in all successful actions to recover delinquent
contributions under 29 U.S.C. § 1132(g) and § 1145.

Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees and costs of the action." ECF No. 1-1 at 18. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $1,339.70 for attorney's fees and costs already incurred. Decl. of Jeffrey P. Miller submitted in support of Mot. ("Miller Decl."), ECF No. 11-2, ¶ 9. The fees requested represent 3.2 hours of work performed by Jeffery Miller, Esq., at a rate of $250 per hour. ECF No. 11-5. Mr. Miller was admitted to the bar in 1988. Miller Decl. ¶ 11. The Court finds that the hours requested for fees already incurred and Mr. Miller's requested hourly rate are reasonable. Based on the invoices submitted with the Motion, the Court also finds that Plaintiffs are entitled to an award for the $502.01 in costs reasonably incurred in this action. See ECF No. 11-5.

Plaintiffs also request $785.34 for anticipated

attorney's fees and taxes for 3.0 hours for drafting the Motion and preparing the order and judgment.   ECF No. 11-2 ¶ 9.   Based on the Miller Declaration, the Court finds that 2.5 hours of attorney's fees for finalizing and filing the present Motion are reasonable.   See id. ¶ 10.   However, anticipated attorney's fees for preparing an order are not necessary considering there was no opposition to the Motion and the Court prepared the present order.   See id.   Accordingly, the Court finds that Plaintiffs are entitled to $654.45[2] in anticipated attorney's fees and taxes. In total, the Court finds that Plaintiffs are entitled to an award of $1,994.15 in attorney's fees and costs.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendant Pacific Concrete Works, LLC be GRANTED as follows:

(1)  Default judgment be entered in Plaintiffs' favor and against Defendant Pacific Concrete Works LLC;

(2) Plaintiffs be awarded the following damages: (1) $18,041.11 in delinquent contributions; (2)  $3,608.22 in liquidated damages; (3) $324.07 in interest and $5.21 in lost earnings interest; and (4) $1,994.15 for attorneys' fees and costs.

---

[2] 2.5 hours x $250.00 per hour = $625.00 in fees + $29.45 in general excise tax = $654.45.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 10, 2016.



Richard L. Puglisi
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ET AL. v. PACIFIC CONCRETE WORKS, LLC, ET AL.; CIVIL NO. 16-00011 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST PACIFIC CONCRETE WORKS, LLC**